# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Johnnie Frederick Milton Jr., and Patricia M. Milton, </br></br>    Plaintiffs, </br></br>v. </br></br>Luder C. Messervy Jr., </br></br>    Defendant. | Civil Action No. 2:21-cv-2855-RMG </br></br></br></br>**ORDER AND OPINION** |

Before the Court is the UIM Carrier Geico Insurance Company's (the "UIM Carrier") motion to compel (Dkt. No. 24). For the reasons set forth below, the Court grants the UIM Carrier's motion to compel.

## I.  Background

Plaintiffs were allegedly passengers in a car driven by Defendant and suffered injuries as the result of an automobile accident. A complaint was filed on September 3, 2021.

On April 14, 2022, the UIM Carrier appeared in this action. (Dkt. No. 16).

On April 15, 2022, the UIM Carrier served its First Interrogatories and First Requests for Production. (Dkt. No. 24 at 1).

Plaintiffs eventually settled with Defendant and, pursuant to S.C. Code. Ann. § 38-77-160, the UIM Carrier assumed the defense of this action on or around August 11, 2022. (Dkt. No. 29-3 at 1).

On September 2, 2022, the UIM Carrier moved to compel Plaintiffs' responses to its First Interrogatories and First Requests for Production. (Dkt. Nos. 24, 30). Plaintiff opposes. (Dkt. No. 29).

1

The UIM Carrier's motion is fully briefed and ripe for disposition.

## II.    Legal Standard

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs to the case...." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery ... if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *accord Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them]."). To enforce the provisions of Rule 26, a party, under Rule 37, "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

## III.    Discussion

Plaintiffs argue they are not required to respond to the UIM Carrier's First Interrogatories and First Requests for Production for two reasons.  Plaintiff argues that (1) the UIM Carrier is not a party to this action and thus cannot serve discovery or, alternately, (2) the UIM Carrier only became a party when it assumed defense of this action on August 11, 2022 and, because the discovery in question was served before then, Plaintiffs have no obligation to respond.

2

The Court grants the UIM Carrier's motion to compel. Plaintiffs' arguments misinterpret S.C. Code Ann. § 38-77-160. Section 38-77-160 provides that an UIM carrier has "the right to appear and *defend* in the name of the underinsured motorist in any action which may affect its liability.... In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, *the underinsured motorist insurer may assume control of the defense of action for its own benefit*." (Emphasis added). As the above language makes clear, the ability to appear and defend a lawsuit is not contingent on the putative at-fault insurer's decision to settle. *See, e.g.*, *Broome v. Watts*, 319 S.C. 337, 340-41 (1995) (holding that the underinsured carrier was not bound by underinsured motorist's waiver of the right to a jury trial under a settlement agreement—"We reject the Broomes' argument that a waiver by Watts is tantamount to a waiver by USAA [the UIM carrier], because it blurs the distinction between the named defendant (Watts) and the actual defendant (USAA) which must pay damages on behalf of the named defendant in the event of liability. Section 38–77–160 does not permit such a result. Instead, it allows the UIM carrier to defend 'in the name of the underinsured motorist.' Although the UIM carrier 'steps into the shoes' of the underinsured motorist, it has rights separate and distinct from those of the underinsured motorist. Watts could not give up a right to a jury trial which was properly possessed by USAA."); *Williams v. Selective Ins. Co.*, 315 S.C. 532 (1994) (holding that "the intent of § 38–77–160 is to protect an insurance carrier's right to contest its liability for underinsured benefits").

Here, per the plain language of § 38-77-160, upon appearing to "defend," the UIM Carrier became a party to the lawsuit and had the right to serve discovery on Plaintiffs. *See Broome*, 319 S.C. at 340-41 ("The right to defend includes the right to a jury trial."). Accordingly, Plaintiffs must respond to the UIM Carrier's discovery requests.

## IV.     Conclusion

For the reasons stated above, the Court **GRANTS** Geico Insurance Company's motion to compel (Dkt. No. 24).  Plaintiff shall respond to the UIM Carrier's First Interrogatories and First Requests for production within fourteen days of this order.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

October 7, 2022
Charleston, South Carolina