**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Johnnie Frederick Milton Jr. and Patricia M. Milton, | ) ) ) | C/A. No. 2:21-2855-RMG |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Luder C. Messervy Jr., | ) ) | |
| Defendant. | ) ) ) | |

Before the Court is underinsured motorist carrier GEICO Insurance Company ("GEICO")'s motion for partial summary judgment (Dkt. No. 36). For the reasons set forth below, the Court grants in part and denies in part GEICO's motion.

### I.     Background

Plaintiffs were allegedly passengers in a car driven by Defendant and suffered injuries as the result of an automobile accident. A complaint was filed on September 3, 2021. On April 14, 2022, UIM Carrier GEICO appeared in this action. (Dkt. No. 16)

GEICO now moves for partial summary judgment. (Dkt. Nos. 36, 40). Plaintiffs oppose. (Dkt. No. 39).

GEICO's motion for partial summary judgment is fully briefed and ripe for disposition.

### II.    Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions

of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the

moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities

against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655

(1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate

there is no genuine dispute of material fact, the non-moving party must come forth with "specific

facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if

the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.    Discussion

First, GEICO moves for summary judgment as to the amounts of medical bills from

Fredericksburg Orthopedics Associates ("FOA") for Plaintiff Johnnie Milton. GEICO argues that

Johnnie's total charges for treatment at FOA are $17,124.45 and not $34,163.63 as Plaintiffs argue.

(Dkt. No. 36-1 at 2-3).  In response, Plaintiffs "stipulate to GEICO's summary of charges which

currently reflect Johnnie Milton has a bill with Fredericksburg Orthopedics . . . of $17,124.45 as

of 6/3/2019." (Dkt. No. 39 at 3).  Accordingly, the Court grants GEICO's motion to the extent that,

as of 6/3/2019, Johnnie's bills from FOA totaled $17,124.45.

Second, GEICO moves for summary judgment as to the amount of Patricia Milton's bills

from FOA.  GEICO argues that the total for Patricia from FOA is $2,519. (Dkt. No. 36-1 at 3).  In

response, Plaintiffs also stipulate to this figure. (Dkt. No. 39 at 3) (stipulating that "Patricia has a

bill of $2,519 as of 4/8/2019" from FOA).  Accordingly, GEICO's motion is granted to the extent that as of 4/8/2019, Patricia's bills from FOA totaled $2,519.

Last, GEICO moves for summary judgment as to the total medical bills for Patricia from Spotsylvania Regional Medical Center ("SRMC").   GEICO contends that these costs total $13,765.43.  (Dkt. No. 36-1 at 4).  GEICO cites to a bill from SRMC which appears to summarize Patricia's treatment and which states "total charges" equal "[$]13,765.43."  In response, Plaintiffs argue the total is higher because of radiology and ER charges which were apparently billed separately. (Dkt. No. 39 at 5).  Plaintiffs cite a bill from SRMC which appears to contain charges not listed in the bill GEICO relies on. *See* (Dkt. No. 39-5 at 1-2) (including line items for "Emerg Injury Eval & Mgmt," "Emergency Interp 12 Lead EKG," and various professional radiological services with corresponding charges not found on the bill cited by GEICO).  Accordingly, a question of material fact remains as to the total figure of Patricia's SRMC bills and GEICO's motion is denied on this point.

## IV.    Conclusion

For the foregoing reasons, and as set forth herein, the Court **GRANTS IN PART AND DENIES IN PART** GEICO's motion for partial summary judgment (Dkt. No. 36).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 25, 2023
Charleston, South Carolina